IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES ALSTON, CARNELL BULLOCK, ) <br> MARK HILTON, ZACHARY JENKINS,     ) <br> JAMES KILE, RHETT LINELY, JOHN      ) <br> MCPHERSON, JESUS MORALES,            ) <br> JEFFERY NAVES, MARK RAMSEY,         ) <br> JOSEPH ROBINSON, CARL SIMON,        ) <br> MICHAEL TURNER, KHEHADI              ) <br> WATKINS, COREY GLEATON, NOLAN   ) <br> PEGUES, HOWARD POOLE, and ALAN   ) <br> RYMAN,                                                    ) <br>                    Plaintiffs,            ) <br>                               ) <br>                 v.                          ) <br>                               ) <br> DIRECTV, INC., DIRECTV, LLC, and,    ) <br> MASTEC NORTH AMERICA, INC.,        ) <br>                    Defendants.         ) <br> _____ ) | C.A. NO. 3:14-CV-04093 <br><br><br><br><br> **OPINION AND ORDER** |

This matter is before the Court on the motion to dismiss submitted by Defendants MasTec North America, Inc. ("MasTec"), and DIRECTV, Inc. and DIRECTV, LLC[1] (together, "DIRECTV," and collectively with MasTec, "Defendants") pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) For the reasons set forth below, Defendants' Motion to Dismiss is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs James Alston, Carnell Bullock, Mark Hilton, Zachary Jenkins, James Kile, Rhett Linley, John McPherson, Jesus Morales, Jeffrey Naves, Mark Ramsey, Joseph Robinson, Carl Simon, Michael Turner, Khehadi Watkins, Corey Gleaton, Nolan Pegues, Howard Poole, and Alan Ryman ("Plaintiffs") filed this matter on October 20, 2014, alleging violations of the Fair Labor

---

[1] Defendants state that effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC, and thereby ceased to exist. (ECF No. 11 at 1.)

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by each Plaintiff individually against Defendants, as joint-employers. (ECF No. 1.) Plaintiffs allege that Defendants violated the FLSA by failing to pay all minimum and overtime wages due to Plaintiffs, failing to properly calculate Plaintiffs' regular rate of pay for determining the overtime premium pay owed, and improperly deducting money from Plaintiffs' pay. (ECF No. 1 at 25.) Plaintiffs allege that each Plaintiff performed work for DIRECTV and "where applicable, the named Provider Defendant in South Carolina." (ECF No. 1 at 5.)

The Complaint alleges that Plaintiffs were technicians charged with installing and repairing DIRECTV satellite television service for DIRECTV and MasTec, the Provider Defendant. Plaintiffs claim that DIRECTV oversees a network of providers who supply DIRECTV with its workforce. (ECF No. 1 at 5.) Plaintiffs allege that the providers (i.e., Home Service Providers), such as MasTec, either serve as the technicians' ostensible employer or subcontract with the technicians, but that DIRECTV controls nearly ever facet of the technicians' work in accordance with detailed agreements between DIRECTV and each Home Service Provider and subcontractor. (ECF No. 1 at 6.) Plaintiffs allege that the provider network was designed to allow DIRECTV to exercise the right of control over the group of technicians while avoiding its obligation to comply with the requirements of the FLSA. (ECF No. 1 at 8.) Plaintiffs claim that the net effect of Defendants' policies and practices is to willfully fail to pay minimum wage and overtime compensation due to Plaintiffs, and to avoid keeping accurate time records in order to save on payroll costs. (ECF No. 1 at 10.) Specifically, Plaintiffs claim that DIRECTV utilized a per-task (piece-rate) payment scheme which denied Plaintiffs their due earned wages and overtime compensation in violation of the FLSA. (ECF No. 1 at 12.) Plaintiffs bring their claims on an individual basis only and seek to hold DIRECTV

and MasTec liable as "joint employers" under the FLSA.

On January 26, 2015, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) On February 9, 2015, this Court granted Plaintiffs' Unopposed Motion for Extension of Time and to Stay Case staying the proceedings pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") based on Plaintiffs' Motion for Consolidation and Transfer of Related Action. The JPML denied the motion to transfer on February 6, 2015 (ECF No. 26), and this Court lifted the stay on February 23, 2015 (ECF No. 28). Plaintiffs filed their opposition on February 23, 2015, as well as a conditional motion for time to seek to amend their complaint should the Court grant Defendants' motion to dismiss.[2] (ECF No. 29 & 30.) Defendants filed their reply in support of the motion on March 16, 2015. (ECF No. 32.)

## STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[2]Plaintiffs' conditional motion for time within which to amend is rendered moot by this order. (ECF No. 30.)

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

## **DISCUSSION**

Defendants move to dismiss Plaintiffs' claims with prejudice under Rule 12(b)(6) on the basis that each Plaintiffs' minimum wage and overtime claims are generic, boilerplate, and insufficiently pled. (ECF No. 11.) Defendants allege that Plaintiffs fail to plead facts sufficient to support a plausible claim that any Plaintiff actually received less than the minimum wage, or was denied overtime pay, with reference to work performed in any given workweek. Defendants argue that Plaintiffs fail to plead sufficient facts sufficient to support a plausible inference of employment by DIRECTV or MasTec, and made only conclusory allegations of "Joint Employment" to support

4

their FLSA claims and theory of recovery. Defendants also maintain that some of Plaintiffs' claims are barred in whole or in part by the FLSA's statute of limitations due to Plaintiffs' failure to plead facts sufficient to support a reasonable inference that Defendants engaged in willful misconduct necessary to extend the standard two years limitations period. (ECF No. 11 at 19-20.).

In response, Plaintiffs state that their allegations exceed the minimum pleading requirement of Rule 8 by carefully detailing Defendants' allegedly noncompliant piece-rate system and its impact on Plaintiffs' wages. (ECF No. 29.)  Plaintiffs also argue that they have, despite Defendants' contentions, sufficiently alleged an actionable employment relationship with DIRECTV and MasTec under FLSA's broad definition of "employer," and based on the element of control exercised by Defendants on the aspects of Plaintiffs' work. Plaintiffs also reiterate the timeliness of their claims based in part, on their allegations that the entire purpose of Defendants' employment scheme was a willful attempt to avoid their obligations to pay technicians in accordance with the FLSA..

After reviewing the record in this case, accepting all well-pleaded allegations in Plaintiffs' complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiffs' favor, the Court will deny Defendants' motion. At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proven consistent with the allegations. The allegations of the complaint do state a plausible FLSA claim for relief under the pleading standards set forth in *Iqbal* and *Twombly*.

The FLSA provides that a covered employer shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA defines "employer" as "any person acting

directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts have further noted that the definition of "employer" is not limited in the common law sense, but is interpreted expansively to account for those who exercise control over the nature, structure, and economics of the employment relationship. *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir.1999). Additionally, the FLSA recognizes the concept of "joint employment," when separate persons or entities share control over an individual employee. *See* 29 C.F.R. 791.2; *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 305-306 (4th Cir. 2006). The FLSA provides a remedy for employees who have not been paid overtime compensation. FLSA claims are generally subject to a two-year statute of limitations, but this period is extended to three years for "cause[s] of action arising out of a willful violation." 29 U.S.C. § 255(a).

In the Complaint, Plaintiffs assert that Defendants' policy and practice of imposing "chargebacks," failing to compensate Plaintiffs for all hours worked, and failing to reimburse Plaintiffs' necessary business expenses, resulted in Plaintiffs routinely working more than forty hours in a work week while being denied overtime pay and being subjected to an effective wage rate below that required by applicable law. (ECF No. 1 at 12.) The Complaint sets forth a time frame for employment as well as an approximate amount of time each Plaintiff spent each week performing tasks for the benefit of Defendants, as technicians for DIRECTV and MasTec in the state of South Carolina. Plaintiffs also allege that DIRECTV, through its network providers, "exerted control over Plaintiffs sufficient to establish that they employed Plaintiffs," and thus constitute employers subject to liability under the FLSA. (ECF No. 1 at 9.) Factually, to support this claim, Plaintiffs detail Defendants' system of Provider Agreements, as well as policies and procedures. Plaintiffs also detail DIRECTV's involvement in and systemic control of Plaintiffs' day-to-day work assignments,

training, credentialing, and appearance. Plaintiffs also claim that Defendants acted willfully and knew or showed reckless disregard in their violation of the FLSA, triggering a three year statute of limitations under FLSA and periods of equitable tolling. (ECF No. 1 at 25.)

On this record, the Court finds that Plaintiffs have alleged sufficient facts to support a FLSA claim resting on an employment relationship with Defendants and for minimum wage and overtime violations such that Plaintiffs' claim survives the motion to dismiss. Plaintiffs have also alleged that Defendants willfully violated the FLSA and have offered more than general, conclusory allegations of willfulness. Additionally, further facts relevant to the nature of the employment and work relationships, and alleged willfulness will likely be elicited during the course of discovery. Accordingly, this Court cannot find that Plaintiffs' claims are subject to dismissal for having been filed outside of the statute of limitations. In sum, Plaintiffs have done more than provide a barebones recitation of legal conclusions. Based on Plaintiffs' allegations that they routinely worked over forty hours per week and on behalf of Defendants, who substantially controlled Plaintiffs' work, as well as their allegations that many of those hours were unpaid and they were not paid overtime compensation, Plaintiff has satisfied the applicable pleading requirements.

## **CONCLUSION**

For the above-stated reasons, Defendants' Motion to Dismiss is DENIED. (ECF No. 11).

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Columbia, South Carolina
May 22, 2015