# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| James Alston, et al., ) | |
| ) | Civil Action No.: 3:14-cv-04093-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DIRECTV, Inc., DIRECTV, LLC, and ) | |
| MasTec North America, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      Plaintiff James Alston and the 13 other named Plaintiffs remaining in this action, including Alan Ryman (together, "Plaintiffs"), filed suit against Defendants DIRECTV, Inc., DIRECTV, LLC (together, "DIRECTV"), and MasTec North America, Inc. ("MasTec") (collectively, "Defendants"), alleging that Defendants employed Plaintiffs, that Defendants violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and that Plaintiffs are therefore entitled to damages under the FLSA. (*See* ECF No. 1.) As relevant here, Ryman has alleged that he was engaged in employment with DIRECTV through Gustech Communications, LLC, Inc. ("Gustech"), a subcontractor of MasTec, located in South Carolina. (*See* ECF No. 125 at 65; ECF Nos. 70, 70-1, 70-2, 70-3, 70-4.)

      A similar FLSA action, *Buttita v. DIRECTV, LLC*, No. 3:14-cv-00566-MCR-EMT, is pending in the U.S. District Court for the Northern District of Florida. (*See* ECF No. 70 at 1; *see also* ECF Nos. 70-1, 70-2.) Plaintiffs aver that several of the named plaintiffs in *Buttita* have also alleged that they engaged in employment with DIRECTV through Gustech. (*See* ECF No. 70 at 2.) Gustech is not a party to either the instant action or the *Buttita* action.

In the instant action, Plaintiffs served two subpoenas to Gustech on October 8, 2015. (*See* ECF Nos. 70-3, 70-4.) The first, a subpoena duces tecum issued to one of Gustech's officers, Gustavo Santamaria, commanded the production of documents relating to Ryman's work at Gustech and to Gustech's relationship with Defendants by October 23, 2015. (*See id.* at 5, 11-13.) The second, a subpoena ad testificandum issued to Gustech's owner, commanded the owner's appearance for a deposition relating to the same information. (*See id.* at 8, 11-13.) On October 5, 2015, the plaintiffs in the *Buttita* action also served two subpoenas that, aside from relating to the *Buttita* plaintiffs rather than Ryman, are nearly identical to the two issued in the instant action.[1] (*See* ECF Nos. 70-1, 70-2.) The subpoena duces tecum in the *Buttita* action commanded the production of documents by October 26, 2015.[2] (*See* ECF No. 70-1 at 5, 13.)

On September 2, 2016, Plaintiffs filed the instant motion to enforce subpoenas issued to Gustech, specifically asking the court for "an order compelling production of weekly pay documents requested in two subpoenas to Gustech." (ECF No. 70 at 1.) As the court understands it, Plaintiffs seek an order compelling compliance only with the two subpoenas duces tecum and not the two subpoenas ad testificandum. (*See id.* at 2 ("The subpoenas in both cases seek copies of any records of methods and amounts of weekly pay for specific plaintiff technicians affiliated with Gustech."); *id.* at 3 (referencing one subpoena in *Buttita* and one subpoena in the instant action that require the production of documents).) Plaintiffs explain that they "voluntarily limit their original document requests . . . to only copies of any records of methods and amounts of weekly

---

[1] In the instant motion, Plaintiffs first assert that the *Buttita* plaintiffs served the subpoenas on Gustech on October 8, 2015 (*see* ECF No. 70 at 3), and then later assert that service was effected on September 25, 2016 (presumably, the year is intended to be 2015) (*see id.* at 5). It is clear, however, that the subpoenas were served on October 5, 2015. (*See* ECF No. 70-2 at 1, 3.)

[2] In reality, the subpoena provided two different deadlines for compliance, one on October 25, 2015, and another on October 26, 2015. (*See* ECF No. 70-1 at 5, 13.)

pay to [the *Buttita* plaintiffs who were engaged with Gustech] and Alan Ryman." (*Id.* at 4.) Plaintiffs argue that Ryman and the *Buttita* plaintiffs "must be able to prove what they were paid on a weekly basis" to proceed on their FLSA claims, that Gustech is "the entity in the best place to produce . . . documents" relating to their weekly pay, and thus that are relevant and proportional to the needs of their cases. (*Id.* at 4-5 (citing Fed. R. Civ. P. 26(b)(1)).)

Although Plaintiffs aver that Gustech has not served any objection to the subpoena issued in the instant action, they admit that, on October 19, 2015, a *pro se* representative of Gustech served on the *Buttita* plaintiffs a written objections to the subpoena issued in that case. (*See id.* at 3, 5.) Plaintiffs state that they attached the written objection to the subpoena as an exhibit to the instant motion (*see id.*); however, they appear to have erroneously attached another copy of the motion rather than Gustech's written objection (*see* ECF No. 70-5). Plaintiffs argue that, because Gustech did not serve any objection to the subpoena issued in the instant action and untimely served its objection to the subpoena issued in the *Buttita* action, Gustech has waived objection and should be compelled to comply with the subpoenas. (*See* ECF No. 70 at 5.)

Importantly, although the instant motion was served on Gustech (*see id.* at 6), Gustech has not filed a response opposing the motion.

A party to litigation may issue a subpoena for the production of discoverable material to a non-party to the litigation. *See* Fed. R. Civ. P. 45. The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26. *See Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992). In other words, the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26. *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013).

3

Rule 45 allows persons subject to subpoenas duces tecum to object to production. *See* Fed. R. Civ. P. 45(d)(2)(B). This objection must be written and served on the issuing party within fourteen days after the subpoena is served or the time specified for compliance with the subpoena, whichever is earlier. *See id.* "A failure to object within the fourteen-day period usually results in waiver of the contested issue." 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463 (3d ed. 2016).

If a non-party timely objects to a subpoena, the issuing party may file a motion to compel production of the requested materials in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B). Upon the filing of a motion to compel, the district court may order the non-party to comply with the subpoena, though in doing so the court must protect the non-party "from significant expense resulting from compliance." *Id.* "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer*, 292 F.R.D. at 308.

As a preliminary matter, the court must reject the ground Plaintiffs offer for compelling Gustech's compliance with the two subpoenas. Plaintiffs assert that Gustech failed to serve an objection on them for the subpoena in the instant action and served only an untimely objection for the subpoena in the *Buttita* action and that, therefore, Gustech has waived any grounds for contesting compliance with the subpoenas. The court is unable to agree with this assertion. With respect to the *Buttita* action, Plaintiffs served the subpoena on October 5, 2015, and admit that Gustech served an objection to it on October 19, 2015, within the 14-day period allotted in Rule 45(d)(2)(B). Because the deadline set for compliance with the subpoena was later than the date that the 14-day period expired, Gustech's objection was timely served. *See* Fed. R. Civ. P. 45(d)(2)(B).

With respect to the instant action, Plaintiffs assert that Gustech did not serve any objection to the subpoena they served on October 8, 2015. However, Plaintiffs admit that, after Gustech received the subpoena in the instant action, Gustech served a *pro se* objection to the nearly identical subpoena issued in the *Buttita* action. Cognizant of the court's duty to liberally construe *pro se* filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and of the fact that the objection Gustech served has not been provided as an exhibit, the court is unable to conclude that the objection Gustech served did not operate as an objection to the subpoena issued in the instant case as well as the subpoena issued in the *Buttita* action, especially when the only basis for finding that Gustech did not object to the subpoena issued in the instant action is Plaintiffs' averment to that effect in their brief, *see Miles v. Salvation Army*, No. 1:12-cv-00176-JMC, 2013 WL 3762899, at *2 n.5 (D.S.C. July 16, 2013) (attorney argument is not evidence); *Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 793 (D.S.C. 2013) (same). Assuming, as the court believes it should, that Gustech's October 19, 2015 objection applied to the subpoena issued in the instant case, then it was timely served.

Although the court cannot grant the instant motion on the ground asserted by Plaintiffs, the court concludes that it is appropriate to grant the motion on a different ground. Despite being apprised of the instant motion, Gustech has failed to file a response opposing it or to otherwise clarify what its objections to the subpoenas might be. The failure to respond is dispositive here because Gustech bears the burden of establishing that the subpoena should not be enforced. When, as here, the burden of persuasion rests on a non-movant, the failure to respond to a motion generally will result in a failure to meet that burden. Moreover, the court concludes that Plaintiffs have demonstrated that the production they request is highly relevant to the two actions, and, because they have volunteered to limit the scope of the subpoena to copies of any records of

methods and amounts of weekly pay, Plaintiffs have further demonstrated that such discovery is proportional to the needs of the case and that compliance will not result in significant expense to Gustech.

Accordingly, Plaintiffs' motion to enforce the two subpoenas at issue is **GRANTED**. Gustech and its representatives are **DIRECTED** to comply with the subpoenas on or before **May 17, 2017**, to the extent set forth in this order.

    **IT IS SO ORDERED**.

                                                                                               United States District Court Judge

May 3, 2017
Columbia, South Carolina